**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ASSOCIATED PRODUCERS, LTD., et al.    *
                                      *
              Plaintiffs,             *
                                      *        Case No. 1:14-cv-00397-CKK
v.                                    *
                                      *
VANDERBILT UNIVERSITY, et al.         *
                                      *
              Defendants.             *

## ANSWER TO THE COMPLAINT

COMES NOW defendant, Robin M. Jensen (" Jensen"), by counsel, and for her Answer to the Complaint, states as follows:

1.  In response to paragraph 1, Jensen can neither admit nor deny the allegations of paragraph 1 having insufficient information to fully and fairly respond to these allegations and, therefore, as pled, they are denied.

2.  Jensen can neither admit nor deny the allegations of paragraph 2 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

3.  In response to paragraph 3, Jensen admits that Vanderbilt is a private university in Tennessee that was formerly a party to these proceedings and has now been dismissed. All other allegations contained herein this defendant can neither admit or deny having insufficient information to fully and fairly respond at this time, and, therefore, as pled, they are denied.

4.  Jensen admits that she is a Tennessee resident and is employed by Vanderbilt as the Luce Chancellor's Professor of the History of Christian Art & Worship and teaches courses in both the University's History of Art department and its Divinity School. However, Jensen states that she was

not acting within the scope and course of her employment with Vanderbilt in relation to the subject series of events which gives rise to this litigation.

5.  Jensen denies the allegations of paragraph 5 of the Complaint.

6.  Jensen denies the allegations of paragraph 6 of the Complaint.

7.  Jensen denies that there is subject matter jurisdiction in this court and denies that the amount in controversy is in excess of $75,000.00.

8.  In response to paragraph 8, Jensen denies that this court has personal jurisdiction over the defendant.

9.  In response to paragraph 9, Jensen denies that venue is proper in this district.

10.  Jensen can neither admit nor deny the allegations of paragraph 10 of the Complaint, and, therefore, these allegations shall be construed as denied.

11.  In response to paragraph 11, Jensen admits that Jacobovici co-authored a book but can neither admit nor deny that the book is true and accurate and that his "findings" are based upon fact, and, therefore, these allegations shall be construed as denied.

12.  Jensen admits that a documentary entitled the "Resurrection Tomb" was created, but can neither admit nor deny the other allegations contained within paragraph 12 as pleaded, and, therefore, these allegations shall be construed as denied.

13.  Jensen can neither admit nor deny the allegations of paragraph 13, and, therefore, these allegations shall be construed as denied.

14.  Jensen can neither admit nor deny the allegations of paragraph 14, and, therefore, these allegations shall be construed as denied.

15.  In response to paragraph 15, Jensen admits that she provided some commentary as part of a project for the plaintiff.  Jensen admits her travel expenses and a per diem were paid.

16.  Jensen denies the allegations of paragraph 16 of the Complaint.

17.  Jensen admits that she provides scholarly services to the University including teaching, writing and public appearances.  However, Jensen denies the allegations of paragraph 17 to the extent that plaintiff alleges that she was acting within the scope of her employment with Vanderbilt in regard to the subject claim herein.  Jensen denies all other allegations in paragraph 17.

18.  Jensen denies the allegations of paragraph 18 of the Complaint.

19.  Jensen denies the allegations of paragraph 19 of the Complaint.

20.  In response to paragraph 20, Jensen admits that she signed a nondisclosure agreement but denies that paragraph 20 is a full and complete statement of the applicable terms of that agreement and states that she can neither admit nor deny all of the terms and conditions of the subject non-disclosure agreement, and, therefore, these allegations shall be construed as denied.

21.  Jensen admits that she flew to Rome, Italy in January, 2011 where she was filmed in early Christian catacombs and provided comment on camera.  Jensen denies the allegations contained in paragraph 21 regarding the subject image and although she was shown an image, denies that she had a full and fair opportunity to study the material or provide a full, definitive opinion.

22.  In response to paragraph 22, Jensen admits that National Geographic organized a meeting of consultants to discuss the proposed project of the cave documentary.  Jensen admits she was one of the consultants. Jensen can neither admit nor deny the remaining allegations contained in paragraph 22 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

23.  In response to paragraph 23, Jensen admits that a meeting was held at National Geographic's headquarters in Washington, D.C. in late May, 2011.

24.  Jensen admits the allegations of paragraph 24.

25.  Jensen denies the allegations of paragraph 25.

26.  Jensen denies the allegations of paragraph 26.

27.  Jensen denies the allegations of paragraph 27.  Jensen admits that she received contact from the other consultants engaged by National Geographic regarding the subject project but denies that she was engaged with a co-conspirator or working in concert with any individual related to a common purpose regarding the subject work and specifically denies passing on any information at the behest of an alleged co-conspirator.

28.  Jensen denies either passing on any information or expressing any desire to join a conspiratorial campaign.  Jensen can neither admit nor deny the remaining allegations of paragraph 28 having insufficient information to fully and fairly respond regarding these allegations and suggests that her words may be taken out of context.  Defendant reserves the right to review the subject emails and to assess those prior to fully and completely responding to these allegations.

29.  Jensen denies the allegations of paragraph 29.

30.  Jensen denies the allegations of paragraph 30.

31.  Jensen denies the allegations of paragraph 31.

32.  Jensen denies being an "informant."  Jensen can neither admit nor deny the remaining allegations of paragraph 32 of the Complaint having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

33.  Jensen can neither admit nor deny the allegations of paragraph 33 of the Complaint having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

34.   Jensen admits that she was asked for information and that she declined to release information subject to the NDA.  Therefore, the allegations of paragraph 34 are denied.

35.  Jensen denies the allegations of paragraph 35 of the Complaint.

36.   Jensen can neither admit or deny the allegations of paragraph 36 of the Complaint, having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

37.   Jensen can neither admit nor deny the allegations of paragraph 37 of the Complaint, having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

38.  Jensen denies the allegations of paragraph 38 of the Complaint.

39.  Jensen denies passing on any information in violation of the NDA.  Jensen can neither admit nor deny the remaining allegations of paragraph 39 of the Complaint, having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

40.  Jensen can neither admit nor deny the allegations of paragraph 40 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

41.  Jensen denies the allegations of paragraph 41 as pled.  Jensen denies passing on any information in violation of the NDA.

42.  Jensen denies the allegations of paragraph 42 of the Complaint.

43.  Jensen denies the allegations of paragraph 43 of the Complaint.

44.  Jensen can neither admit nor deny the allegations of paragraph 44 of the Complaint, having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

45.  Jensen denies the allegations of paragraph 45 of the Complaint.

46.   In response to paragraph 46 of the Complaint, Jensen incorporates by reference and realleges her responses to paragraphs 1-45 above.

47.   Jensen can neither admit or deny the allegations of paragraph 47 having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

48.   Jensen can neither admit or deny the allegations of paragraph 48 of the Complaint having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

49.   In response to paragraph 49, Jensen admits that in regard to the subject project, that she was told plaintiffs were making a National Geographic film.

50.   Jensen denies the allegations of paragraph 50 of the Complaint.

51.   Jensen denies the allegations of paragraph 51 of the Complaint.

52.   Jensen denies the allegations of paragraph 52 of the Complaint.

53.   Jensen denies the allegations of paragraph 53 of the Complaint.

54.   In response to paragraph 54 of the Complaint, Jensen realleges and incorporates by reference her responses to paragraphs 1-53.

55.   Jensen can neither admit or deny the allegations of paragraph 55 of the Complaint having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

56.   Jensen can neither admit or deny the allegations of paragraph 56, having insufficient information to fully and fairly respond and, therefore, these allegations shall be construed as denied.

57.   In response to paragraph 57 at some point during the events of 2011, she became aware that the subject project involved National Geographic.  The defendant denies that she knew of an existing contractual or "business relationship between the plaintiffs and National Geographic".

58.  Jensen denies the allegations of paragraph 58.

59.  Jensen denies the allegations of paragraph 59.

60.  Jensen denies the allegations of paragraph 60.

61.  Jensen denies the allegations of paragraph 61.

62.  For further answer and by way of affirmative defense, Jensen states as follows:

## FIRST DEFENSE

Jensen asserts the causes of action fail to state a claim for which relief can be granted, and asserts that the claims are barred by the statute of limitations.

## SECOND DEFENSE

Jensen denies that she committed any act or omission amounting to tortious interference with perspective economic advantage or business relations against the plaintiffs, and denies any intentional or improper interference or improper motive.

## THIRD DEFENSE

Jensen denies the plaintiffs were damaged and, in the alternative, asserts that any and all damages suffered by the plaintiff herein were caused by the plaintiffs' acts and omissions.

## FOURTH DEFENSE

Jensen asserts that plaintiffs' damages herein and claims are the net effect and result of acts or omissions of other persons or parties, both known and unknown.

## FIFTH DEFENSE

Jensen asserts truth as a defense.  Her statements evaluating the film were truthful when made and reflected her opinions when made.

### SIXTH DEFENSE

Jensen asserts that her statements herein are entitled to a qualified privilege and/or were justified.

### SEVENTH DEFENSE

Jensen asserts that the plaintiff, Jacobovici, is a public figure.

### EIGHTH DEFENSE

Jensen asserts that plaintiffs' claims for loss of business relationship are speculative in nature and that plaintiffs' claimed business relationship with National Geographic was contingent upon successfully producing a film that could be verified both factually, historically and academically.

### NINTH DEFENSE

Jensen asserts that plaintiff, Jacobovici, is a controversial figure in the archeological community who has been sharply criticized by many critics over many years.

### TENTH DEFENSE

Jensen asserts that plaintiffs are currently suing Joe Zias in Israel claiming damages and injury in that proceeding.

### ELEVENTH DEFENSE

Jensen denies that the plaintiffs have set forth a claim for attorneys' fees.

The defendant demands trial by jury on all issues joined herein.

WHEREFORE, the foregoing considered, Robin Jensen, by counsel, moves this court to dismiss this cause of action and award her costs expended.

**ROBIN M. JENSEN**
By Counsel

/s/ Dawn E. Boyce
Dawn E. Boyce, Esquire (Bar No. 440010)
John D. McGavin, Esquire (Bar No. 475899)
BANCROFT, McGAVIN, HORVATH
 & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
dboyce@bmhjlaw.com
jmcgavin@bmhjlaw.com
*Counsel for Defendant, Robin M. Jensen*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Robin M. Jensen's Answer to Complaint was served electronically on the 14th day of January, 2015, to:

Jackson D. Toof, Esquire
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C.  20036
jackson.toof@arentfox.com

Richard L. Charnley, Esquire (*pro hac vice*)
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
richard.charnley@arentfox.com

/s/ Dawn E. Boyce
Dawn E. Boyce